AF Approval _____                                    Chief Approval _RBH_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                                    CASE NO. 6:21-CR-83-PGB-EJK

JOSE ARMANDO DELGADO MARTINEZ

## **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin

Hoppmann, Acting United States Attorney for the Middle District of Florida, and

the defendant, JOSE ARMANDO DELGADO MARTINEZ, and the attorney for

the defendant, ~~Trey~~ Joseph Flynn, Esq., mutually agree as follows:

## A.  **Particularized Terms**

    1.  Counts Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment.  Count One charges the defendant with conspiracy to possess with intent

to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846

and punished under 21 U.S.C. § 841(b)(1)(A).

    2.  Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of 10 years up to life, fines of up to $10,000,000, a term of supervised

release of at least five years, and a special assessment of $100.

Defendant's Initials _JD_

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3.    *Alleyne v. United States and Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant is subject to a mandatory minimum sentence of 10 years imprisonment and a maximum sentence of life imprisonment as to Count One because the following facts have been admitted by the defendant and are established by this plea of guilty:

- the defendant conspired to distribute and possess with intent to distribute more than 400 grams of a mixture and substance containing a detectible amount of fentanyl, a Schedule II controlled substance.

4.    Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First:       Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess or distribute a controlled substance;

Second:    The Defendant knew the unlawful purpose of the plan and willfully joined in it; and

Defendant's Initials _JD_              2

<div style="margin-left: 2em;">

Third:     the object of the unlawful plan was to distribute or possess with intent to distribute a controlled substance.

</div>

5.     <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement related to the conduct giving rise to this agreement.

6.     <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.     <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward

Defendant's Initials ⟨JD⟩          3

adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if

not accepted by the Court, the defendant will not be allowed to withdraw from the
plea.

      9.    <u>Cooperation - Substantial Assistance to be Considered</u>

      Defendant agrees to cooperate fully with the United States in the
investigation and prosecution of other persons, and to testify, subject to a prosecution
for perjury or making a false statement, fully and truthfully before any federal court
proceeding or federal grand jury in connection with the charges in this case and other
matters, such cooperation to further include a full and complete disclosure of all
relevant information, including production of any and all books, papers, documents,
and other objects in defendant's possession or control, and to be reasonably available
for interviews which the United States may require.  If the cooperation is completed
prior to sentencing, the government agrees to consider whether such cooperation
qualifies as "substantial assistance" in accordance with the policy of the United States
Attorney for the Middle District of Florida, warranting the filing of a motion at the
time of sentencing recommending (1) a downward departure from the applicable
guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below
a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the
cooperation is completed subsequent to sentencing, the government agrees to
consider whether such cooperation qualifies as "substantial assistance" in accordance
with the policy of the United States Attorney for the Middle District of Florida,
warranting the filing of a motion for a reduction of sentence within one year of the
imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the

Defendant's Initials   JD        5

defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11.   Cooperation - Responsibilities of Parties

a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or

Defendant's Initials _____     6

should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case,

Defendant's Initials _JD_                7

pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States, the defendant or defendant's nominees.

Defendant's Initials _SD_                    8

The assets to be forfeited specifically include, but are not limited to, the following: $84,300 in drug proceeds and a Toyota FJ Cruiser, VIN #JTEZU11FX70004230, which was purchased with proceeds of drug distribution.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be

Defendant's Initials  _SD_          9

interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture

Defendant's Initials _JD_                    10

cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be

Defendant's Initials _JJ_                  11

binding upon defendant's heirs, successors and assigns until the agreed forfeiture,

including satisfaction of any preliminary order of forfeiture for proceeds.

**B.**   **Standard Terms and Conditions**

    1.   <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or

in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any

victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18

U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to

any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to

all counts charged, whether or not the defendant enters a plea of guilty to such

counts, and whether or not such counts are dismissed pursuant to this agreement.

The defendant further understands that compliance with any restitution payment

plan imposed by the Court in no way precludes the United States from

simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C.

§ 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to

the Mandatory Victims Restitution Act, in order to ensure that the defendant's

restitution obligation is satisfied.

        On each count to which a plea of guilty is entered, the Court shall impose a

special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on

the date of sentencing.  The defendant understands that this agreement imposes no

limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office

Defendant's Initials ⟋⟍                   13

within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared

Defendant's Initials _JJ_        14

by the United States Probation Office. The defendant understands and

acknowledges that, although the parties are permitted to make recommendations and

present arguments to the Court, the sentence will be determined solely by the Court,

with the assistance of the United States Probation Office. Defendant further

understands and acknowledges that any discussions between defendant or

defendant's attorney and the attorney or other agents for the government regarding

any recommendations by the government are not binding on the Court and that,

should any recommendations be rejected, defendant will not be permitted to

withdraw defendant's plea pursuant to this plea agreement. The government

expressly reserves the right to support and defend any decision that the Court may

make with regard to the defendant's sentence, whether or not such decision is

consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to

impose any sentence up to the statutory maximum and expressly waives the right to

appeal defendant's sentence on any ground, including the ground that the Court

erred in determining the applicable guidelines range pursuant to the United States

Sentencing Guidelines, except (a) the ground that the sentence exceeds the

defendant's applicable guidelines range as determined by the Court pursuant to the

United States Sentencing Guidelines; (b) the ground that the sentence exceeds the

statutory maximum penalty; or (c) the ground that the sentence violates the Eighth

Amendment to the Constitution; provided, however, that if the government exercises

Defendant's Initials _JD_          15

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete

Defendant's Initials _____            16

satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

　　　　11.　　Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials ＪＡ          17

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _29_ day of _October_, 2021.

KARIN HOPPMANN
Acting United States Attorney


_____          _____
JOSE ARMANDO DELGADO                 Dana E. Hill
MARTINEZ                             Assistant United States Attorney
Defendant


_____          _____
Joseph Trey Flynn, Esq.              Roger Handberg
Attorney for Defendant               Assistant United States Attorney
                                     Chief, Orlando Division


Defendant's Initials _JD_          18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:21-CR-83-PGB-EJK

JOSE ARMANDO DELGADO MARTINEZ

PERSONALIZATION OF ELEMENTS

For Count One, from August 1, 2019 through on or about May 25, 2021:

First:      Did two or more people in some way agree to try to
            accomplish a shared and unlawful plan to possess or
            distribute a controlled substance?

Second:     Did you know the unlawful purpose of the plan and
            willfully join in it?

Third:      Was the object of the unlawful plan to distribute or possess
            with intent to distribute a controlled substance?

Defendant's Initials _JD__                19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:21-CR-83-PGB-EJK

JOSE ARMANDO DELGADO MARTINEZ

FACTUAL BASIS

From on or about July 2019 through May 25, 2021, the DEA conducted an

investigation into a drug trafficking organization operating in Orlando and other

areas in central Florida. In that investigation, the DEA learned that BOLIVAR

ANIBAL CORDOVA, JR., JOSE ARMANDO DELGADO MARTINEZ, and

LUIS MANUEL CORDERO were involved in the distribution of heroin, fentanyl

and fentanyl-laced heroin. That investigation yielded evidence demonstrating the

following true facts about JOSE ARMANDO DELGADO MARTINEZ's

("DELGADO") involvement in this conspiracy:

From August 1, 2019 through May 25, 2021, CORDOVA, DELGADO, and

CORDERO participated in arranging for and distributing controlled substances to –

and retrieving drug proceeds from – a cooperating source working on behalf of the

DEA (CS-1) and two undercover DEA agents (UC1, UC2).   The substances

distributed on these dates were tested by the DEA laboratory and were found to be

fentanyl, a schedule II controlled substance, or fentanyl mixed with heroin, a

schedule I controlled substance. The following reflects the dates of the transactions

and the drugs and drug proceeds involved.

Defendant's Initials _JD_                    20

| Date | Drugs /Money Involved | CS/ UC1/ UC2 |
|------|----------------------|--------------|
| 8/1/19 | 40.1 grams heroin/fentanyl | CS |
| 8/7/19 | $2,200 (8/1 drugs) | CS |
| 4/4/20 | 43.8 grams heroin/fentanyl | CS |
| 4/14/20 | $2,475 (4/4 drugs) | CS |
| 5/4/20 | 99.9 grams heroin/fentanyl<br>$2,500 (5/4 drugs) | UC1, UC2 |
| 5/11/20 | $1,700 (5/4 drugs) | UC1, UC2 |
| 5/22/20 | $800 (5/4 drugs)<br>100.2 grams fentanyl/heroin<br>$2,500 (5/22 drugs) | UC2 |
| 6/16/20 | $2,500 (5/22 drugs) | UC1 |
| 7/22/20 | 99.8 grams heroin/fentanyl<br>$2,500 (7/22 drugs) | UC1 |
| 8/11/20 | $2,500 (7/22 drugs) | UC1 |
| 12/9/20 | 100.6 grams heroin<br>$2,500 (12/9 drugs) | UC1 |
| 12/29/20 | $2,500 (12/9 drugs) | UC1 |
| 2/2/21 | 99.8 fentanyl/heroin<br>$2,500 (2/2 drugs) | UC1 |
| 2/19/21 | $2,500 (2/2 drugs) | UC1 |
| 3/18/21 | 99.87 grams fentanyl<br>$2,500 (3/18 drugs) | UC1 |
| 4/1/21 | $2,500 (3/18 drugs) | UC1 |

DELGADO was present at the transactions occurring on August 1, 2019 and August 11, 2020.  At the August 1, 2019 transaction, DELGADO threw a bag containing a large amount of heroin at CS-1 to suggest that he should be selling that larger amount rather than the 40 grams he intended to purchase.

In the course of their conspiracy, CORDOVA, DELGADO, and CORDERO participated in Spanish-speaking rap videos depicting drugs, drug dealing, drug proceeds and violence toward individuals who cooperate with the government to

Defendant's Initials _JD_     21

disrupt and prosecute criminal activities. CORDOVA shared a link to these videos to UC1 when they met on June 16, 2020.

On March 3, 2021, DEA agents executed a search warrant at a storage unit at a rental facility in Kissimmee that was being used by CORDOVA, DELGADO, and CORDERO. Among other things, DEA agents recovered drugs that were tested and found to be 611.8 grams of fentanyl. DELGADO's work identification card was discovered with the bag of fentanyl.

On July 20, 2021, the DEA arrested DELGADO at his home. At the time of the arrest, DELGADO had $84,300 in U.S. currency in a shoe box in a closet in his bedroom. The DEA also seized a Toyota FJ Cruiser, VIN #JTEZU11FX70004230, which was purchased with proceeds of drug distribution.

During DELGADO's involvement with the conspiracy outlined above, and in the scope of this conspiracy, two or more people agreed to accomplish a shared and unlawful plan to possess with intent to distribute, and to distribute, controlled substances. DELGADO knew the unlawful purpose of the plan and willfully joined in it. The object of this plan was the distribution of fentanyl-laced heroin.

Based on the evidence and investigation, the Government and the Defendant agree that the readily provable estimation of the quantity of drugs attributable to the Defendant's conduct is at least 1,319.07 grams fentanyl and less than four kilograms of fentanyl.

Defendant's Initials _SD_            22